# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 10-CV-00631- DME-MJW

ROBERT BLACKMORE and
JUDITH ANNE BLACKMORE,

Plaintiffs,

v.

POLARIS INDUSTRIES, INC., a foreign corporation,

Defendant.

---

**STIPULATED PROTECTIVE ORDER** ( Docket No 16-1)

---

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

1.  As used in the Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record and in-house legal departments;

    "Confidential" documents are documents designated pursuant to paragraph 2;

    "Confidential - Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34.01;

    "Written Assurance" means an executed document in the form attached as Exhibit A.

2.      Criteria for Designation.

    A.      "CONFIDENTIAL." A designating party may designate documents, discovery responses, testimony or information as "CONFIDENTIAL" if the designating party reasonably believes that the documents, discovery responses or testimony embody (1) sensitive, competitive, financial or other business confidential information, including, without limitation, customer supplier lists, budgets, financial statements, accountants' computations, design and testing documents; (2) sensitive personal information; or (3) third-party documents or information that a third party currently maintains as confidential. The parties shall not designate as CONFIDENTIAL any information that is readily available through other sources.

    B.      "CONFIDENTIAL-ATTORNEYS' EYES ONLY." A designating party may designate documents, responses, testimony or information as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if (1) the designating party reasonably believes that such documents, responses, testimony or information qualify as "CONFIDENTIAL" under the criteria set forth above, and (2) the designating party believes in good faith that the information is so commercially sensitive and/or confidential that disclosure to any Party pursuant to a designation of "CONFIDENTIAL" will not provide adequate protection to the legitimate competitive interests of the party producing the information.

3.      All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4.      Access to any Confidential document shall be limited to:

    A.      The Court and its officers;

    B.      Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

2

C.   the parties and their designated representatives;

D.   non-party witnesses noticed for depositions or designated as trial witnesses (and their counsel, if any), to the extent reasonably deemed by counsel to be necessary in connection with that person's testimony;

E.   persons shown on the face of the document to have authored or received it;

F.   court reporters and videographers;

G.   outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action and inside experts (current employees being utilized to furnish technical or expert services).

5.   The parties shall have the right to further designate Confidential documents or portions of documents "Confidential - Attorneys' Eyes Only". Disclosure of such information shall be limited to the persons designated in paragraphs 4(a), (b), (e), (f), and (g).

6.   Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential - Attorneys' Eyes Only", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential - Attorneys' Eyes Only" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7.   Each person appropriately designated pursuant to paragraph 4(g) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.

8.   All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated

3

"Confidential" or "Confidential - Attorneys' Eyes Only" and thereby obtain
the protections accorded other "Confidential" or "Confidential - Attorneys'
Eyes Only" documents.  Confidentiality designations for depositions shall
be made either on the record or by written notice to the other party within
10 days of receipt of the transcript.  Unless otherwise agreed, depositions
shall be treated as "Confidential - Attorneys' Eyes Only" during the 10-day
period following receipt of the transcript.  The deposition of any witness (or
any portion of such deposition) that encompasses Confidential information
shall be taken only in the presence of persons who are qualified to have
access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential"
or "Confidential - Attorneys' Eyes Only" shall have 10 days from the
discovery of its oversight to correct its failure.  Such failure shall be
corrected by providing written notice of the error and substituted copies of
the inadvertently produced documents.  Any party receiving such
inadvertently unmarked documents shall make reasonable efforts to retrieve
documents distributed to persons not entitled to receive documents with the
corrected designation.

10. Any party who inadvertently discloses documents that are privileged or
otherwise immune from discovery shall, promptly upon discovery of such
inadvertent disclosure, so advise the receiving party and request that the
documents be returned.  The receiving party shall return such inadvertently
produced documents, including all copies, within 10 days of receiving such
a written request.  The party returning such inadvertently produced
documents may thereafter seek re-production of any such documents
pursuant to applicable law.

11. If a party files a document containing Confidential information with the
Court, it shall do so by placing the Confidential information in a sealed
envelope, which shall bear a legend substantially as follows:

CONFIDENTIAL MATERIAL

This envelope contains documents that are subject to a Protective
Order entered by the Court in this action and may not be opened,
except by direction or order of the Court.

Prior to disclosure at trial or a hearing of materials or information
designated  "Confidential" or "Confidential - Attorneys' Eyes Only", the

4

parties may seek further protections against public disclosure from the Court.

12.   Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential - Attorneys' Eyes Only". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential - Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

*Consistent with D.C.COLO Civ R 7.2-*

*MJW 2-10-11*

13.   Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

14.   Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.   No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16.   The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

*Entered This 10TH Day of February, 2011.*

*By The Court*

*Michael J. Watanabe*

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

Dated: <u>January 31</u>, 2011

JONES, WATERS & GEISLINGER, L.L.C.

By:   <u>s/ Michael R. Waters</u>
    Michael R. Waters        Reg. No. 10745
    707 South Tejon , Suite 200
    Colorado Springs, CO   80903
    Telephone:  (719) 633-6303
    Facsimile:  (719) 577-4887

Dated: <u>February 3</u>, 2011

BUXMAN KWITEK & OHLSEN, P.C.

By:   <u>s/ Darrin L. Buxman</u>
    Darrin L. Buxman (#21061)
    601 North Main Street, Suite 200
    Pueblo, CO   81003
    (719) 544-5081
    FAX:  (719) 546-3457

***Attorneys for Plaintiffs***

6

Dated: <u>February 7</u>____, 2011     NILAN JOHNSON LEWIS PA


By:   <u>s/ John J. Wackman</u>                
    Brian N. Johnson     Reg. No. 132767
    John J. Wackman     Reg. No. 251884
    400 • One Financial Plaza
    120 South Sixth Street
    Minneapolis, Minnesota 55402
    Telephone: 612-305-7500
    Facsimile: 612-305-7501

      And

    HALL & EVANS, L.L.C.
    Peter C. Middleton
    1125 17th Street, Suite 600
    Denver, CO 80202
    Telephone: 303-628-3389

    ***Attorneys for Defendant Polaris Industries Inc.***

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the city of _____

I am currently employed by _____, located at

_____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated

_____, filed in Court File No. 10-cv-00631, pending in the United States District

Court for the District of Colorado.  I agree to comply with and be bound by the

provisions of the Protective Order.  I understand that any violation of the Protective

Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated

"Confidential" or "Confidential - Attorneys' Eyes Only" obtained pursuant to such

Protective Order, or the contents of such documents, to any person other than those

specifically authorized by the Protective Order.  I shall not copy or use such documents

except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action,

I shall return to the attorney from whom I have received them, any documents in my

possession designated "Confidential" or "Confidential - Attorneys' Eyes Only", and all

8

copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado, for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
(Date)                                (Signature

9