IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00631-DME-MJW

ROBERT BLACKMORE, and
JUDITH ANNE BLACKMORE,

Plaintiffs,

v.

POLARIS INDUSTRIES, INC.,

Defendant.

---

**ORDER REGARDING
PLAINTIFFS' MOTION FOR ORDER PERMITTING DESTRUCTIVE TESTING
(DOCKET NO. 24)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Order Permitting Destructive Testing (docket no. 24). The court has reviewed the subject motion (docket no. 24), the responses (docket nos. 27 and 28), and the reply (docket no. 30). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

This case involves the operation by Mark Jason Wells of a Polaris XP 850 All-Terrain Vehicle ("ATV") manufactured by Defendant Polaris Industries, Inc. ("Defendant"). Mr. Wells was operating the ATV when he was killed on April 19, 2009. Plaintiffs allege that the ATV was defective, and as a result of its defects, the right front wheel attached to the front suspension and the steering linkage broke, causing the ATV

2

to come to an abrupt stop, thereby ejecting Mr. Wells from the ATV, ultimately causing his death.  Plaintiffs have filed claims of strict liability, negligence, breach of warranty for a particular purpose, breach of express warranty, and breach of implied warranty of merchantability and seek damages for the wrongful death of their son.

Defendant argues that the accident was caused by Mr. Wells' own negligence in operating the ATV.  Defendant further argues that Mr. Wells lost control of the ATV when he went over a non-perpendicular dip on a dirt trail in the Pueblo Motor Sports Park in Pueblo, Colorado, on April 19, 2009.  Moreover, Defendant argues that after losing control, the ATV overturned and came down on its right front wheel, which overloaded the suspension and caused the suspension to fail.  Mr. Wells sustained injuries when the ATV rolled over him.  The suspension damage was the result of the accident, not the cause, and the suspension damage occurred after the ATV rolled over Mr. Wells, not before.  Further, Defendant argues that there was nothing wrong with the ATV.  Lastly, Defendant argues that Mr. Wells' pre-existing paraplegia condition played a role in his loss of control of the ATV.

In the subject motion (docket no. 24), Plaintiffs seek an Order from this court to allow destructive testing on certain parts of the ATV by Plaintiff's expert, Dr. Jesse A. Grantham.  Dr. Grantham has suggested to Plaintiffs that further examination and destructive testing of the ATV's front suspension, ball joint housing, welds, and failed tube regions be conducted in order to view and assess the nature of the welding defects and the tube misalignments.  See Dr. Granthan's Proposed Destructive Testing Protocol- Exhibit A attached to the subject motion (docket no. 24).

Defendant argues that the subject motion (docket no. 24) should be denied for

the following reasons. First, the proposed testing of the welds is irrelevant as the lower control arm tubes did not break in the welds. Furthermore, if destructive testing were permitted on the subject ATV, then the proposed testing would directly impact Defendant's direct evidence presentation at trial since Defendant intends to show the jury all of the pieces of the lower control arm to allow the jury to understand the tremendous force applied to the lower control arm when the subject ATV rolled over.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. "Destructive testing . . . is not a matter of right, but lies in the sound discretion of the trial court." Cameron v. District Court in and for First Judicial District, 193 Colo. 286, 291, 565 P.2d 925, 930 (Colo. 1977). The moving party must show that the evidence sought through destructive testing is integral to proving the movant's case. Mirchandani v. Home Depot, U.S.A., Inc., 235 F.R.D. 611, 615 (D. Md. 2006). In deciding whether to permit destructive testing, courts generally look at four factors:

(1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; (2) Whether the

4

> non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way; (3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and (4) Whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

<u>Id.</u>

5. That destructive testing is not necessary. Plaintiffs' metallurgical expert has already issued his expert opinions in this case. Also, the photographs attached to the Response (docket no. 27) depict that the lower control arm tube did not break in the weld but depicts it broke outside the weld;

6. That the non-movant's (Defendant's) ability to present the actual subject ATV and the parts from such ATV to the jury would be hindered if destructive testing were permitted;

7. That Plaintiffs' metallurgical expert was able to generate enough evidence to render his expert opinions without destructive testing, and Plaintiffs have their metallurgical expert to support their theory of the case and can fairly present their case-in-chief without destructive testing;

8. That the actual physical parts of the ATV are material and critical pieces of evidence in this case, and the numerous photographs of

5

the actual parts are not adequate to minimize the prejudice to the non-movant (Defendant) in this case if the non-movant (Defendant) were not permitted to let the jury see the subject ATV and the parts from the such ATV; and

9. That weighing these four factors listed above, I find, in the court's discretion, that the subject motion (docket no. 24) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' Motion for Order Permitting Destructive Testing (docket no. 24)is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 21st day of July 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE